**UNITED STATES of America,**

**v.**

**Willie COREAS, Defendant.**

**No. CR 02–320.**

United States District Court,
E.D. New York.

April 28, 2003.

Roslynn R. Mauskopf, United States Attorney, Eastern District of New York by James E. Tatum, Esq., Assistant United States Attorney, Central Islip, NY, for U.S.

Schwartz & Grodofsky, P.C. by Richard B. Schwartz, Esq., Mineola, NY, for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This case arises out of an investigation of individuals suspected of receiving and/or distributing child pornography via the internet. Defendant here is charged, *inter alia*, with receipt of child pornography in violation of 18 U.S.C. § 2252A.

In July of 2002, Defendant moved to suppress evidence obtained after execution of a search warrant. The evidence sought to be suppressed was obtained from Defendant's computer and included several images of child pornography. The motion to suppress was fully briefed by January 10, 2003. On January 17, 2003, in an oral ruling delivered from the bench, this court denied the motion. Presently before the court is Defendant's motion to reconsider the denial of his initial motion to suppress. For the reasons set forth below, the motion is denied.

## DISCUSSION

### I. The Candyman Investigation and Representations Made By the Undercover Agent

The warrant that authorized the search of Defendant's computer was one of many issued throughout the country arising from an investigation of an internet group known as the "Candyman" group. The investigation began in January of 2001, when FBI Supervising Special Agent Geoffrey Binney joined an "e-group," known as the Candyman group. E-groups are on line fora through which persons with similar interests can interact on the internet. Such groups allow individuals to communicate with each other via e-mail and by posting information on a website that members can visit.

As described by Agent Binney, the website for the Candyman group stated that the group was for "people who love kids."

It further stated that members could post any type of messages or "pics and vids" they would like. Although the home page for the group did not use the words "child pornography," categories referred to on that page included a "transgender" category and made it clear that the site provided access to such images. Agent Binney described the Candyman group as existing for the express purpose of sharing messages, photographs and videos relating to child pornography.

In addition to describing the Candyman group in general terms, Agent Binney represented that all individuals who joined the group automatically received all e-mails transmitted by group members. It was later revealed that this statement was not true of all who joined the group. Instead, the automatic receipt of e-mail applied only to those who joined the group by e-mail and not to those who joined at the group's website. Specifically, those who joined the Candyman group by sending an e-mail to a certain web address would receive a confirming e-mail and would then automatically receive all e-mails posted by group members. Others, who joined the group by clicking on a "subscribe" icon at the group's website, would be presented with several e-mail options. While the default setting on that site was the option of automatic e-mail receipt, members joining at the website could opt out of receiving any e-mails from group members. Any member, whether or not they chose to receive e-mails, could visit the group's website and view files and previously posted e-mails containing images of child pornography.

Despite the fact that not all members of the Candyman group automatically received all member e-mails, Agent Binney represented that this was, in fact, the case. Consequently, every search warrant affida-

vit involved in the Candyman investigation, including the affidavit authorizing the search of Defendant's computer, contained the false statement that every member of the group automatically received all member e-mails.

## II. *The Initial Motion to Suppress*

Defendant's initial motion to suppress argued that the statement contained in the search warrant affidavit regarding automatic e-mail receipt was false, misleading and/or made with reckless disregard for the truth. The motion further argued that absent that false statement, the affidavit was insufficient to establish the requisite probable cause. Accordingly, the motion sought a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) or, in the alternative, immediate suppression of all fruits of the warrant and a consequent dismissal of the indictment.

Denying the motion, this court held that even assuming that the relevant statement was intentionally false, the affidavit, absent the statement, demonstrated probable cause to execute the warrant authorizing the search. The finding of probable cause, even without the allegedly false statement, made a *Franks* hearing unnecessary.

When ruling from the bench, this court referred to *United States v. Strauser*, —— F.Supp.2d —— (E.D.Mo.2002), a case involving the Candyman investigation that was decided in the Eastern District of Missouri. In *Strauser*, the court denied the defendant's motion to suppress. In support of its ruling, the court there held that there was no showing that Agent Binney's statement regarding e-mail receipt was knowingly or recklessly included in the search warrant affidavit in that matter. Accordingly, the court denied the motion to suppress.

## III. *The Motion to Reconsider*

Defendant's present motion to reconsider is based upon subsequent developments in the *Strauser* case. As noted, that court initially held that there was no evidence that Agent Binney included the statement regarding automatic e-mail receipt in reckless disregard for the truth. Upon reconsideration, the *Strauser* court considered additional testimony and documents and held that Agent Binney's statement was indeed made with reckless disregard for the truth. The court held further that the affidavit required the false statement to support a showing of probable cause. These findings led to a reversal of the *Strauser* court's earlier decision and the grant of the motion to suppress.

Arguing that this court relied on the *Strauser* court's initial decision, and relying upon the additional testimony taken in that matter, Defendant moves for reconsideration of the denial of his motion to suppress.

## IV. *The Motion is Denied*

█ As noted in this court's earlier decision, *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) requires suppression of a search warrant where two conditions are met. First, the affidavit must contain a false statement that was knowingly or intentionally made or made with reckless disregard for the truth. Second, the false information must have been necessary to establish probable cause. *Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674; *see United States v. Canfield*, 212 F.3d 713, 717–18 (2d Cir.2000).

█ This court's initial denial of Defendant's motion turned not on the state of mind of Agent Binney but, instead, on the second prong of *Franks*, *i.e.*, whether the statement was necessary to establish probable cause. Specifically, this court held

that when the false statement is redacted from the supporting affidavit, the affidavit is nonetheless sufficient to establish probable cause to believe that evidence of the crimes charged would be found as a result of the requested search. Because the court adheres to that holding, it parts company with the *Strauser* court, and the reversal in that matter has no effect on the holding here.

 When determining whether probable cause exists, the information supplied to a judicial officer need not establish absolute proof of a crime. Instead, it is necessary only that the facts support a finding of a "fair probability that ... evidence of a crime will be found." *United States v. Agnello*, 163 F.Supp.2d 140, 150 (E.D.N.Y.2001), quoting, *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Here, the facts presented, even without the false statement, support such a finding. First, the affidavit contains extensive background information regarding subscribers to groups such as the Candyman group and the proclivity of members to use such groups to collect, trade and retain images of child pornography. The affidavit further describes the Candyman group in detail. With the exception of the false statement regarding automatic e-mail receipt, all statements regarding the group and the agent's receipt of numerous images of child pornography are truthful. It is also without question that the Defendant joined the group. These facts are sufficient to establish probable cause to believe that a search of Defendant's computer would reveal evidence of criminal activity. *Accord United States v. Coplan*, No. CR 02–319(ARR) (E.D.N.Y. Aug. 15, 2002) (holding that affidavit in Candyman investigation was sufficient to establish probable cause even without the statement regarding receipt of e-mail).

In light of this holding, it matters not that the *Strauser* court reversed its decision regarding Agent Binney's state of mind. The finding of probable cause in the absence of the false statement also makes it unnecessary to hold a *Franks* hearing. *Franks*, 438 U.S. at 171–72, 98 S.Ct. 2674 (if, when false material is set aside, "there remains sufficient content in the warrant affidavit to support a finding of probable cause no hearing is required"); *see Canfield*, 212 F.3d at 718 ("ultimate inquiry is whether, after putting aside erroneous information ... 'there remains a reside of independent and lawful information sufficient to support probable cause'"), quoting, *United States v. Ferguson*, 758 F.2d 843, 849 (2d Cir.1985). In sum, the court holds that the false information, even if made with the requisite state of mind, was unnecessary to establish probable cause. Accordingly, the court denies the motion to reconsider.

SO ORDERED.