**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BILLY WAYNE HUTTO,

Defendant-Appellant.

No. 02-5210

(D.C. No. 02-CR-40-C)

(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f).  The case is therefore submitted without oral argument.

Defendant-Appellant Billy Wayne Hutto was initially charged in a two-count indictment with violating 18 U.S.C. § 2252A(a)(2), Receiving Child Pornography in Interstate Commerce, and 18 U.S.C. § 2253, Criminal Forfeiture.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

A superseding indictment charged Appellant with thirty-six counts of Receipt in Interstate Commerce of Visual Depiction Involving Minor Engaged in Sexually Explicit Conduct and one count of Criminal Forfeiture. Appellant entered pleas of not guilty. After the trial judge denied several of Appellant's motions, including a motion to suppress the search warrant, Appellant pled guilty to three substantive counts and consented to the forfeiture count, reserving the right to appeal the ruling on the motion to suppress. He was convicted and sentenced to twenty-four months in prison on each substantive count to run concurrently, a $6,000 fine, and three years of supervised release. Appellant appeals his conviction and sentence to this court.

Appellant filed several motions on appeal. By Order dated September 24, 2003, we granted his Motion to Supplement the Record on Appeal and denied his Motion for Release Pending Appeal and his Motion to Stop the Briefing Schedule. We are in receipt of Appellant's supplemental authority and his Brief Relevant to the Supplementary Material. Appellee chose not to file a response.

On appeal, Appellant argues that the search warrant on his residence was issued without probable cause; therefore, all evidence obtained as a result of the search should be suppressed. We review the district court's factual findings in a denial of a motion to suppress for clear error and its legal conclusions regarding the sufficiency of the search warrant *de novo*. United States v. Campos, 221 F.3d

1143, 1146 (10th Cir. 2000).

The thrust of Appellant's argument is that the search warrant in this case was supported by an affidavit which contained a material factual inaccuracy. Appellant claims that FBI Special Agent Binney knowingly or recklessly stated in his affidavit that all subscribers to an e-Group website named The Candyman automatically received e-mails containing images of child pornography. Since Appellant was a subscriber, this would strongly support an inference that his computer hard drive contained images of child pornography. After the issuance of the search warrant, the FBI discovered, and disclosed to Appellant, that e-mail delivery of website images was not automatic. A subscriber could choose to receive different types of e-mail or no e-mail at all. Because e-mail delivery was not automatic, Appellant argues that this destroys the inference that Appellant would have child pornography on his home computer.

"Probable cause to issue a search warrant exists only when the supporting affidavit sets forth facts that would lead a prudent person to believe there is a fair probability that contraband or evidence of a particular crime will be found in a particular place." District Court Order, June 21, 2002, Aple. Supp. App. at 72 (quoting United States v. Basham, 268 F.3d 1199, 1203 (10th Cir. 2001). Additionally, when there are material omissions in an affidavit supporting a search warrant, the warrant must be voided if the remaining content is not

sufficient to establish the required probable cause. Franks v. Delaware, 438 U.S. 154, 155-56 (1978). Pursuant to "Franks, a hearing on the veracity of the affidavit supporting a warrant is required if the defendant makes a substantial showing that the affidavit contains intentional or reckless false statements and if the affidavit, purged of its falsities, would not be sufficient to support a finding of probable cause." United States v. Avery, 295 F.3d 1158, 1166-67 (10th Cir. 2002) (internal citations omitted).

We agree with the district court that the clarification of the e-mail delivery options does not destroy the inference that Appellant would have child pornography on his home computer. The affidavit contains several facts that combine to support a finding of probable cause. The district court stated:

> These facts show that the group's clear purpose was to share child pornography, that the defendant voluntarily became a member of the group, and that images containing child pornography were available to all members. It is the view of this Court that this evidence provided a sufficient basis for the magistrate judge to conclude that there was a fair probability that child pornography would be found at the defendant's residence or on his computer.

District Court Order, February 5, 2003, Aple. Supp. App., at 3. Because the affidavit was sufficient to support a finding of probable cause even without the incorrect information on e-mail delivery options, Appellant was not entitled to a Franks hearing and the district court correctly denied Appellant's motion to suppress.

For substantially the same reasons as set forth by the district court in its Orders of June 21, 2002, and February 5, 2003, and the reasons stated herein, the decision of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge