UNITED STATES of America,
Appellee,

v.

John J. SCHMIDT, Jr., Defendant–Appellant.

No. 03–1690.

United States Court of Appeals,
Second Circuit.

May 3, 2004.

---

Frank Policelli, Utica, NY, for Appellant.

Elizabeth S. Riker, Assistant United States Attorney for the Northern District of New York, (Glenn T. Suddaby, United States Attorney, Brenda K. Sannes, Assistant United States Attorney), Syracuse, NY, for Appellee, of counsel.

Present: McLAUGHLIN, SACK, Circuit Judges, and GERSHON, District Judge.*

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

The defendant-appellant, John Schmidt, Jr., appeals from the district court's denial of his motion to withdraw his guilty plea pursuant to Rule 32(e) (now Rule 11(d)) of the Federal Rules of Criminal Procedure. Schmidt is one of a large number of people convicted for possessing child pornography following an investigation into an online group known as "The Candyman Group." After Schmidt pleaded guilty, evidence came to light that the affidavit used to obtain the search warrant pursuant to which the authorities discovered child pornography in Schmidt's possession contained a misstatement by the Federal Bureau of Investigation special agent in charge of the investigation. Schmidt argues that without the misstatement, there was not probable cause to search his home. He asserts that had he known the facts surrounding the obtaining of the search warrant, he would not have pleaded guilty; he would, instead, have challenged the admissibility of the evidence and, if successful, would have gone to trial on the charges. He contends that he should therefore be allowed to withdraw his guilty plea.

We review a district court's denial of a motion to withdraw a plea of guilty for abuse of discretion. *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir.1997).

Under Fed.R.Crim.P. 11(d)(2)(B) (previously Rule 32(e)), "[a] defendant may withdraw a plea of guilty or nolo contendere after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal," *id.* A defendant who seeks to withdraw his or her plea bears the burden of showing that there are valid grounds for withdrawal. *United States v. Couto*, 311 F.3d 179, 185 (2d Cir.2002). "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992).

Additionally, if the defendant's underlying claim is baseless, "there could have been no 'fair and just reason' for [the defendant] to withdraw his guilty plea and the district court did not abuse its discretion.

---

* Of the United States District Court for the Eastern District of New York, sitting by desig-

tion in denying the motion." *United States v. Fernandez–Antonia,* 278 F.3d 150, 156 (2d Cir.2002). To determine if Schmidt's underlying claim has merit, we "should disregard the allegedly false statements and determine whether the remaining portions of the affidavit would support probable cause to issue the warrant." *United States v. Trzaska,* 111 F.3d 1019, 1027–28 (2d Cir.1997); *accord United States v. Canfield,* 212 F.3d 713, 718 (2d Cir.2000). Probable cause entails "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ..., there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238–239, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

We are not persuaded that Schmidt's motion to withdraw his guilty plea, not being based on a claim of "actual innocence" and having been made, depending on one's view of the circumstances, between three and eight months after he obtained information putting him on notice of the irregularities with regard to the affidavit used to obtain the warrant, results from anything more than a reevaluation of the government's case against him.

Were we to look to the merits of the underlying claim, we would be inclined to agree with the majority of courts to have decided the issue that, even without the intentional misstatement, the affidavit supported probable cause to search. *See United States v. Froman,* 355 F.3d 882 (5th Cir.2004); *United States v. Hutto,* 84 Fed.Appx. 6 (10th Cir.2003) (unpublished); *United States v. Coreas,* 259 F.Supp.2d 218 (E.D.N.Y.2003); *United States v. Bailey,* 272 F.Supp.2d 822 (D.Neb.2003); *but see, United States v. Perez,* 247 F.Supp.2d 459, 481 (S.D.N.Y.2003); *United States v. Strauser,* 247 F.Supp.2d 1135, 1143–44 (E.D.Mo.2003). We need not decide this issue, however, in order to affirm.

For the foregoing reasons, the judgment of the District Court is hereby AF-FIRMED.