BAKER, Judge
(concurring):
I concur in the Court’s decision affirming Appellant’s conviction. I write separately, however, because I believe that the Court’s analysis should focus on the effect of the violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), in the warrant affidavit, rather than on the Appellant’s imputed pretrial knowledge of that error.

Waiver

The majority disposes of Appellant’s claim principally based upon his failure to act on imputed knowledge of the misrepresentation in the warrant affidavit prior to entry of his guilty plea. Although the lead opinion never uses the term “waiver,” its analysis is strongly redolent of that concept. See, e.g., Black’s Law Dictionary 1611 (8th ed.2004) (defining “waiver” as “the voluntary relinquishment or abandonment — express or implied — of a legal right or advantage____ The party alleged to have waived a right must have had both knowledge of the existing right and the intention of foregoing it.”).
An unconditional guilty plea “waives any objection, whether or not previously raised, insofar as the objection relates to the factual issue of guilt of the offense(s) to which the plea was made.” R.C.M. 910(j). But a valid guilty plea must be intelligent and voluntary. United States v. Roeseler, 55 M.J. 286, 289 (C.A.A.F.2001); United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969). “Misapprehension of the strength and extent of the prosecution’s case which is engendered by misrepresentation or other impermissible government conduct is a matter which clearly could impact on the voluntariness of the decision by appellant ... to plead guilty.” United States v. Payton, 23 M.J. 379, 381 (C.M.A.1987). See also Von Moltke v. Gillies, 332 U.S. 708, 720, 68 S.Ct. 316, 92 L.Ed. 309 (1948).
Here, the Government failed to fulfill an affirmative duty to disclose a known factual misrepresentation in the search warrant affidavit. That affidavit asserted that Candy-man list members automatically received all materials, including child pornographic images, distributed to the list. In reality, subscribers chose from among three different delivery options, two of which did not automatically distribute pornographic images to list members. Indeed, the majority of subscribers elected one of the “non-automatic” options. United States v. Perez, 247 F.Supp.2d 459, 467-68 (S.D.N.Y.2003); United States v. Strauser, 247 F.Supp.2d 1135, 1137 (E.D.Mo.2003).
The majority contends that Appellant and his counsel must have been aware of these errors prior to entry of Appellant’s guilty plea. But it seems illogical to impute such knowledge to the Appellant where the government agent preparing the actual warrant affidavit was himself apparently oblivious to the error. And once the Government did become aware of its misrepresentation, it failed to provide Appellant notice of the defect until several days after he entered his unconditional guilty plea and was sentenced. Because Appellant’s plea was entered without notice of a potentially fatal misrepresentation in the search warrant, I do not believe that he waived his right to challenge that warrant for probable cause.

*352
Harmless Error

Ultimately, however, I conclude that Appellant’s conviction must survive because, even absent the false material, the remaining information in the warrant affidavit continues to establish probable cause. At the threshold, “[t]he duty of a reviewing court is simply to ensure that the magistrate had a ‘substantial basis for ... concluding1 that probable cause existed.” United States v. Carter, 54 M.J. 414, 418 (C.A.A.F.2001) (quoting Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (internal citations omitted)).
As we recently stated in United States v. Roberts, 59 M.J. 323, 325 (C.A.A.F.2004), “[o]ur review of diseovery/disclosure issues utilizes a two-step analysis: first, we determine whether the information or evidence at issue was subject to disclosure or discovery; second, if there was nondisclosure of such information, we test the effect of that nondisclosure on the appellant’s trial.” As indicated above, and conceded by the Government, the Government’s knowledge of the false information in the warrant affidavit was clearly material to Appellant’s defense, and consequently, subject to disclosure under Brady, Article 46, UCMJ, 10 U.S.C. § 846 (2000), and R.C.M. 701. Moreover, the Government’s duty to diligently disclose newly discovered evidence continued throughout the duration of the court-martial proceedings. R.C.M. 701(d).
Proceeding to the second step of the analysis, erroneous nondisclosure will generally entitle an appellant to relief only where the appellant demonstrates a reasonable probability of a different result at trial had the evidence been disclosed. Roberts, 59 M.J. at 326-27. But where an appellant establishes that the Government failed to disclose discoverable evidence in response to a specific request, the burden shifts to the Government to demonstrate the nondisclosure was harmless beyond a reasonable doubt. Id. at 327.
Here, Appellant’s counsel served a fairly detailed discovery request to trial counsel asking for, among other things:
[A]ll personal or business notes, memoran-da, and writings prepared by investigators incident to said case (including FBI or other civilian law enforcement) which are not furnished pursuant to any other provisions of this request ... [;] any known evidence tending to diminish credibility of ... all potential witnesses ... [; and] any and all evidence in the possession of the Government or otherwise known to Trial Counsel which reasonably may tend to: 1) negate the guilt of the Accused; 2) reduce the guilt of the Accused to the offenses charged; or 3) reduced the punishment.
I conclude that the Government’s failure to disclose the erroneous information pursuant to this request shifts the burden to the Government to demonstrate that the error was harmless beyond a reasonable doubt.
The probable cause predicate in the search warrant would be invalid if the Court were to conclude that the Government included the defective material in the supporting affidavit “knowingly and intentionally, or with reckless disregard for the truth,” and that the affidavit’s remaining material was inadequate to establish probable cause after the false information was set aside. Franks v. Delaware, 438 U.S. 154, 155-56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Because the erroneous Candyman affidavit was used to support search warrants in literally hundreds of investigations of list members around the world, this precise issue has been repeatedly litigated in other courts. At least three federal district courts decided that the Government acted recklessly and that the remaining information in the affidavit was insufficient to establish probable cause. United States v. Kunen, 323 F.Supp.2d 390 (E.D.N.Y.2004); Perez, 247 F.Supp.2d at 479-85; Strauser, 247 F.Supp.2d 1135.
Consistent with the majority of courts considering this issue, however, I conclude that, regardless of the Government’s knowledge or recklessness regarding the erroneous material, the information remaining in the warrant affidavit was adequate to demonstrate probable cause. See United States v. Froman, 355 F.3d 882 (5th Cir.2004); United States v. Hutto, 84 Fed.Appx. 6 (10th Cir.2003); see also United States v. Schmidt, 373 F.3d 100 (2d Cir.2004) (stating in dicta that the affida *353 vit continued to establish probable cause, but deciding ease on other grounds). While the allegation that Appellant automatically received pictures of child pornography in his email was a significant component of the warrant affidavit’s probable cause predicate, it was not the only one. In particular, the affidavit asserted that the “website had several different features” including a “‘Files’ section [which] provided an area for members to post images or video files for others to upload.” Indeed, the affidavit described the Files section as the “primary feature” of the website, and noted that the agent investigating the case downloaded approximately one hundred images of child pornography and erotica over a one month period. The affidavit also quoted the website’s description of itself as a “group for people who love kids” and invitation to “post any type of messages you like too [sic] or any type of pies and vids you like too [sic].” Appellant does not challenge these portions of the affidavit.
As we recently reiterated in United States v. Bethea:
A probable cause determination is a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before [the issuing judge], including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
The Supreme Court has emphasized that probable cause is a flexible, common-sense standard. A probable cause determination merely requires that a person of reasonable caution could believe that the search may reveal evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. So even though people often use probable to mean more likely than not, probable cause does not require a showing that an event is more than 50% likely. 61 M.J. 184, 187 (C.A.A.F.2005) (internal citations and quotation marks omitted) (emphasis in original).
I think it is a reasonable inference from the uncontested information in the warrant affidavit that a probable purpose of Candy-man membership was to gain access to the child pornography available on the website. Someone joining the site was likely to download and trade in child pornography. Thus, I am satisfied beyond a reasonable doubt that the unchallenged portion of the warrant affidavit constituted a substantial basis for the issuing magistrate to conclude that there was probable cause that Appellant had downloaded child pornography from the Candyman website, and retained such images in his possession.
My conclusion is further ratified by two additional considerations. First, in those cases where courts have suppressed the fruits of the Candyman warrant, the defendants demonstrated that they had elected a non-automatic distribution option. Perez, 247 F.Supp.2d at 471; Strauser, 247 F.Supp.2d at 1137. Thus, the erroneous information in the warrant affidavit was not only false, but demonstrably misleading as applied to those defendants’ receipt of child pornography. Here, Appellant does not claim that he chose one of the non-automatic delivery options. Thus, there is no basis for an inference of actual prejudice.
Finally, I find it significant that Appellant did not assert his plea was improvident in the clemency package or in a post-trial session in front of the military judge. He raised the issue as a legal concern only after it became apparent that other Candyman defendants were having some success raising the issue.
In sum, Appellant alleges that the contested warrant lacks probable cause, and consequently, that his guilty plea was improvidently entered. Because I disagree with Appellant regarding his first proposition, I conclude that there is no substantial basis in law or fact to question the providence of his guilty plea. United States v. Prater, 32 M. J. 433, 436 (C.M.A.1991).