12-560-cr
United States v. Wilson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of June, two thousand thirteen.

PRESENT:
> CHESTER J. STRAUB,
> REENA RAGGI,
> PETER W. HALL,
> *Circuit Judges.*

———————————————————————

UNITED STATES OF AMERICA,
> *Appellee*,

v.                                                                          12-560-cr

ZOMARA WILSON,
> *Defendant-Appellant.*

———————————————————————

FOR APPELLANT:            Zomara Wilson, *pro se*, Bronx, New York.

FOR APPELLEES:            Michael Alexander Levy, Rachel Peter Kovner, Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, *Judge*; Gabriel W. Gorenstein, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 17, 2012, is AFFIRMED.

Defendant Zomara Wilson appeals <u>pro se</u> from a judgment of conviction, entered pursuant to a guilty plea, for misdemeanor federal financial aid fraud. <u>See</u> 20 U.S.C. § 1097(a). She argues error in the denial of her motion to withdraw her guilty plea. We review Wilson's challenge for abuse of discretion, <u>see</u> <u>United States v. Schmidt</u>, 373 F.3d 100, 102 (2d Cir. 2004), and identify no such abuse here. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A defendant may withdraw her plea of guilty before she has been sentenced "if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In applying this standard, a district court properly considers (1) the amount of time that has elapsed between the plea and the motion, (2) whether the defendant has asserted a claim of legal innocence, and (3) whether the government would be prejudiced by a withdrawal of the plea. <u>See</u> <u>United States v. Doe</u>, 537 F.3d 204, 210 (2d Cir. 2008). Here, the district court did not abuse its discretion in denying Wilson's withdrawal motion because (1) more than two months had passed before she sought to withdraw her plea; (2) her claim of legal innocence contradicted her earlier plea allocution, in which she admitted that she had knowingly aided and abetted a student seeking to obtain federal financial aid with a false

2

diploma; and (3) as the magistrate judge correctly found, the student interviews on which Wilson relied were not exculpatory, but instead were circumstantial evidence of Wilson's guilt.

Nor can we credit, on de novo review, Wilson's claim that her counsel's ineffectiveness supports withdrawal of her guilty plea. See generally United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005) (recognizing that counsel's ineffective assistance during plea negotiations can support withdrawal of plea if counsel's deficient performance undermined voluntary and intelligent nature of defendant's decision to plead guilty). As the district court recognized, the record shows that Wilson's counsel correctly informed her that the student interviews had implicated her in the fraud. Moreover, in light of this overwhelming evidence against her, as well as of the non-incarceratory terms of her plea agreement, Wilson cannot demonstrate that but for counsel's purported ineffectiveness, "the result of the proceeding would have been different" in that she would not have pleaded guilty. Strickland v. Washington, 466 U.S. 668, 694 (1984); see United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001) (requiring defendant to show that "'but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial'" (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Accordingly, the district court did not abuse its discretion in denying Wilson's motion to withdraw her guilty plea.

Wilson's remaining claims warrant little further discussion. With respect to Wilson's challenge to the indictment as duplicitous, her "guilty plea waives any challenges to a

3

duplicitous indictment." United States v. Moloney, 287 F.3d 236, 239 (2d Cir. 2002). Similarly, insofar as Wilson challenges the evidence against her, "a defendant who pleads guilty unconditionally admits [her] guilt and waives [her] right to appeal all nonjurisdictional contentions." United States v. Maher, 108 F.3d 1513, 1528 (2d Cir. 1997).

To the extent Wilson claims that a government agent and the prosecutor committed fraud on the court by obtaining her indictment through false testimony, her claims are not supported by the record because the student interviews were consistent with the statements made by the agent and the prosecutor. As for Wilson's claim that her guilty plea was not in accord with the plea agreement because she pleaded guilty to aiding and abetting and not to unlawfully obtaining federal financial aid, the plea agreement itself, which specifically referenced the aiding and abetting statute, defeats the argument. In addition, Wilson's claim that she did not plead guilty under oath is not properly before us because it was raised for the first time in Wilson's reply brief. See United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003) ("We will not consider an argument raised for the first time in a reply brief."). In any event, the record reveals that Wilson was under oath when she pleaded guilty.

Insofar as Wilson argues ineffective assistance of counsel as an independent basis to overturn the conviction, such a claim is more appropriately heard on collateral review. See United States v. Doe, 365 F.3d 150, 152 (2d Cir. 2004); see also Massaro v. United States, 538 U.S. 500, 504–05 (2003). Thus, Wilson may, if she wishes, pursue her ineffective assistance claim in a properly filed 28 U.S.C. § 2255 motion.

4

We have considered Wilson's remaining arguments on appeal and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5