13-1987-cr
United States v. Scott

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 18th day of June two thousand fourteen.

Present:        ROSEMARY S. POOLER,
                PETER W. HALL,
                SUSAN L. CARNEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                -v-                                                13-1987-cr

DANIEL SCOTT,

                        *Defendant-Appellant*.

_____

Appearing for Appellant:        Malvina Nathanson, The Law Office of Malvina Nathanson, New York, N.Y.

Appearing for Appellee:         Christopher J. DiMase, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, Justin Anderson, Brian A. Jacobs, Assistant United States Attorneys, *on the brief*), New York, N.Y.

        Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Daniel Scott appeals from a final judgment of conviction filed May 2, 2013 in the United States District Court for the Southern District of New York (Griesa, *J.*), following his guilty plea to one count of conspiracy to commit armed robbery in violation of 18 U.S.C. § 1951, and one count of possession of a weapon by a prior felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). The district court denied Scott's motion to withdraw his guilty plea, and sentenced Scott to concurrent terms of 188 months of imprisonment on each count, concurrent supervised release terms of three and five years, and $200 in special assessments.

On appeal, appellant asserts primarily that the district court abused its discretion in denying his motion to withdraw his guilty plea. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011). Under Federal Rule of Criminal Procedure 11, a defendant may withdraw his guilty plea before the district court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has met this standard, district courts "should consider, inter alia: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008).

"A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992). "Although the standard to be applied in granting a hearing is less rigorous than the standard for granting the motion to withdraw the plea, the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing." *Id.* (citation omitted). "No hearing need be granted when the allegations on a motion to withdraw a guilty plea before sentencing merely contradict the record, are inherently incredible, or are simply conclusory." *Id.*

Applying these standards, we conclude that the district court acted well within its discretion in denying Scott's motion to withdraw his guilty plea without holding an evidentiary hearing. As recognized by the court, Scott's assertions that his plea was involuntary are belied by his own statements, made under oath during his plea allocution, representing that his plea was knowing and voluntary and was supported by a factual basis, and confirming that he understood the specific rights he was giving up by pleading guilty.

It was also not an abuse of discretion for the district court to have concluded that Scott's claims of coercion—that is, that the FBI told his wife he would be sure to "get 45 years," and that she could be charged with a crime—were not credible. As an initial matter, any statement by an FBI agent that Scott would "get 45 years" would have been an accurate description of the risk Scott would have taken in going to trial, and thus cannot provide the basis for withdrawing his guilty plea. *Accord Doe*, 537 F.3d at 212 ("This statement was neither a threat, a

2

misrepresentation, nor a promise unrelated to the prosecutor's business. It was, rather, a true recital of the scenario that would play out should the defendant choose to proceed to trial." (citation omitted)). With respect to the alleged threats that his wife would be "charge[d] . . . with a crime," the district court's decision not to credit this vague and conclusory assertion cannot be said to have been a clearly erroneous factual finding, nor an abuse of discretion, particularly in light of Scott's statements at his plea allocution, defense counsel's representation that he did not believe he could make a plea withdrawal motion on Scott's behalf "in good faith," and the district court's docket in this case, which reflects that the parties had been engaged in ongoing plea negotiations for many months prior to Scott's decision to plead guilty.

Finally, though Scott emphasizes on appeal how quickly he had moved to withdraw his plea after the hearing, that is only one of several factors a district court should consider, *see Doe*, 537 F.3d at 210-11, and it alone does not create a question as to the voluntariness of Scott's plea.


We have considered Scott's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk