17-2112-cr
*United States v. Richards*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

Present:   ROBERT A. KATZMANN,
                          *Chief Judge*,
                CHRISTOPHER F. DRONEY,
                RICHARD J. SULLIVAN,
                          *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                          *Appellee*,

                   v.                                          No. 17-2112-cr

ERROL CLIFF RICHARDS, AKA RICHARD,

                          *Defendant-Appellant*,

RONALD MOHAMMED NOERAN BADLOE, AKA
ROY,
                          *Defendant*.

_____

For Defendant-Appellant:          AMY ADELSON (Daniela Elliott, *on the brief*), Law Offices of Amy Adelson LLC, New York, New York.

For Appellee:                            EMIL BOVE, Michael D. Lockard, Sarah K. Eddy, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

Appeal from an order of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Errol Cliff Richards appeals from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*) entered July 6, 2017, following a guilty plea, sentencing him principally to 120 months' imprisonment. On appeal, Richards argues that the district court erred in denying his motion to withdraw his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The standard for withdrawing a guilty plea is stringent." *United States v. Rose*, 891 F.3d 82, 85 (2d Cir. 2018).[1] "[A] defendant may withdraw a plea of guilty after it is accepted, but before sentencing, only if the defendant can show a 'fair and just reason for requesting the withdrawal.'" *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting Fed. R. Crim. P. 11(d)(2)(B)). "To determine whether a defendant has met this burden, a court should consider: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009). "Courts may also look to whether the defendant has

---

[1] Unless otherwise indicated, all internal citations, quotation marks, and alterations are omitted.

raised a significant question about the voluntariness of the original plea." *United States v. Schmidt*, 373 F.3d 100, 103 (2d Cir. 2004).

"We review a district court's denial of a motion to withdraw a plea for abuse of discretion." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005); *see also United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011). "Adjudicative facts are . . . subject to the clearly-erroneous standard of review. Whether the facts so found constitute a 'fair and just reason' for the withdrawal of a plea and whether the district judge properly denied the motion to withdraw the plea are mixed questions of law and fact, reviewed by us only for abuse of discretion." *United States v. O'Hara*, 960 F.2d 11, 13-14 (2d Cir. 1992). Similarly, a district court's decision to decide such a motion without a hearing is also reviewed for abuse of discretion. *See United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008).

*First*, although Richards asserted his legal innocence, his "bald statement[]," *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997), that he is "not guilty of the offense to which [he] pleaded guilty," App. 108, is not a sufficient ground to withdraw the plea. "[W]holly conclusory" "claims of innocence" give "no reason to disturb the strong presumption of verity that attaches to . . .  admissions of guilt at [a] plea allocution." *United States v. Hirsch*, 239 F.3d 221, 225 (2d Cir. 2001). Richards argues that his admission of guilt during the plea allocution should be discounted because he "read from a one paragraph statement his counsel prepared." Appellant Br. at 25. However, there is nothing inappropriate about the practice of a defendant reading from a prepared statement, so long as the defendant confirms that the statement is accurate and voluntarily adopts it. *See, e.g.*, *United States v. Felzenberg*, 1998 WL 152569, at *12-13 (S.D.N.Y. Aug. 2, 1998) (Sotomayor, J.). Here, the magistrate judge conducting the plea hearing specifically noted that Richards was reading from prepared notes and accordingly sought

3

to confirm with him that what he had read was accurate and complete. After confirmation by his attorneys, Richard responded "Yes, ma'am," and stated that he did not want to add anything else. App. at 76-77. Richards's motion included no allegations sufficient to overcome the presumption that these sworn statements were true.[2]

*Second*, Richards did not raise a "significant question" about the voluntariness of his plea. Richards contends that he pled guilty (i) under duress, and (ii) while his faculties were diminished because of medication. With respect to duress, as the district court found, the record shows that Richards understood what was at stake when he pled guilty. *See* App. at 57, 64 (testimony at plea allocution that he had reviewed the plea agreement and discussed it with his attorney); App. at 159 (counsel recalled discussing plea agreement negotiations with Richards). The district court did not err in rejecting Richards's claim that he pled guilty because the government had threatened to investigate his family, and was justified in crediting his counsel's sworn statement that he "d[id] not recall the government ever stating that it would 'go after' Richards' family," App. at 158, and Richards's own sworn statement at the plea hearing that no one had threatened or coerced him in any way to get him to plead guilty. Nor did the district court err in rejecting Richards's contention that "the government's surprising, last-minute production of a devastating motion in limine" on the morning of his guilty plea coerced him into pleading guilty, Appellant Br. at 31, given that his counsel recalled that the motion in limine was described to Richards at a proffer session the day before the plea and that Richards was "nonplussed" by the description. App. at 158.

---

[2] Richards also asks this Court to consider an affidavit he submitted *pro se* after the district court denied his motion, in which he explained why he was innocent in some detail. However, that submission was not before the district court when it resolved his motion and so we do not consider it. To the extent Richards believes that his counsel were ineffective in bringing his motion to withdraw his guilty plea, he may collaterally attack his conviction under 28 U.S.C. § 2255.

As for Richards's mental state, Richards told the magistrate judge under oath that his medication did not affect his ability to understand the proceedings and that he was "[v]ery coherent." App. at 56. As already noted, such sworn testimony "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *Rivernider*, 828 F.3d at 105. Richards provided the district court with no such reason.

*Third*, the district court's conclusion that the timing of Richards's motion did not weigh heavily one way or the other, was not an abuse of discretion. Richards submitted a letter promptly after his plea hearing stating that he had been made to plead guilty and that he wanted an opportunity to "right these wrongs." App. at 138. The district court quickly appointed new counsel to represent Richards in connection with the claims in his letter, and Richards "agreed that it would be worthwhile to provide [his new counsel] an opportunity to undertake a fresh analysis of the evidence produced by the [g]overnment in his case before deciding on a course of action," notwithstanding his "stated desire to withdraw his plea." App. at 200. Then, nearly a year later, on June 7, 2016, the district court yet again appointed Richards new counsel, who advised the court that Richards was "no longer wavering," App. at 144, and filed the instant motion a few weeks later. While the record could be read as indicating reluctance on the part of Richards's counsel to file a motion to withdraw, the district court's conclusion that Richards himself was indecisive was not clearly erroneous.[3]

---

[3] Regardless, the timing of the motion "alone does not create a question as to the voluntariness" of a plea, *United States v. Scott*, 569 F. App'x 55, 57 (2d Cir. 2014) (summary order), and here no factor weighs in favor of granting Richards's motion.

*Fourth*, because Richards "fail[ed] to show sufficient grounds to justify withdrawal of the plea," "the government need not demonstrate prejudice." *Torres*, 129 F.3d at 715.

Finally, the district court did not err in declining to hold an evidentiary hearing before deciding the motion. "A defendant is not entitled to an evidentiary hearing as a matter of right whenever he seeks to withdraw his guilty plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992). Instead, "the defendant must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing." *Id.* For the reasons already discussed, Richards did not present any significant questions concerning the voluntariness or general validity of his plea.

We have considered all of Richards's remaining contentions and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
