**UNITED STATES of America,**
**Appellee,**

v.

**John J. SCHMIDT, Jr., Defendant–**
**Appellant.**

**Docket No. 03–1690.**

United States Court of Appeals,
Second Circuit.

Argued: April 22, 2004.

Decided: May 3, 2004.

Opinion Filed: June 24, 2004.

Elizabeth S. Riker, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, Brenda K. Sannes, Assistant United States Attorney, of counsel), Syracuse, NY, for Appellee.

Frank Policelli, Utica, NY, for Defendant–Appellant.

Before: McLAUGHLIN and SACK, Circuit Judges, and GERSHON, District Judge.[1]

PER CURIAM.

## BACKGROUND

The defendant-appellant, John J. Schmidt, Jr., appeals from the district court's denial of his motion to withdraw his guilty plea pursuant to Rule 32(e) (now Rule 11(d)) of the Federal Rules of Criminal Procedure. Schmidt is one of a large number of people who were convicted of possessing child pornography following an investigation by federal law-enforcement authorities into the "Candyman Group," a free Internet service that enabled interested people to collect and distribute child pornography and sexually explicit images of children.

On July 9, 2002, the United States Attorney for the Northern District of New

---

1. The Honorable Nina Gershon, of the United States District Court for the Eastern District of New York, sitting by designation.

York sent a letter to Schmidt's attorney indicating that the affidavit the government had submitted in support of the search warrant pursuant to which Schmidt's house was searched may not have been fully accurate.[2] On August 21, about six weeks later, Schmidt pled guilty to knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On December 16, 2002, the U.S. Attorney sent another letter to Schmidt's attorney, this time indicating that there was reason to believe that there had been knowing or reckless misrepresentations in the affidavit. On December 19, 2002, the U.S. Attorney sent a third letter to Schmidt's attorney reiterating the content of the December 16th letter.

Three months later, or more than eight months after the date of the initial letter, but before the district court sentenced Schmidt, Schmidt moved to withdraw his guilty plea. He argued that the search warrant was invalid because without the misstatements contained in the affidavit, probable cause to search his home had not been demonstrated. Schmidt further argued that had he known that the affidavit contained knowing or reckless misstatements, he would have challenged the admissibility of the evidence and not pled guilty. The district court denied the motion, concluding that Schmidt's reason for moving to withdraw his guilty plea represented only a reevaluation of the Government's case against him. The court therefore concluded that Schmidt did not meet his burden of showing a valid ground for withdrawal. The court also noted the lengthy delay between the first letter, in July 2002, the contents of which, according to the district court, should have prompted

Schmidt to investigate further, and the motion to withdraw, in March 2003.

Schmidt appeals.

## DISCUSSION

### I. Standard of Review

■ We review a district court's denial of a motion to withdraw a plea of guilty for abuse of discretion. *United States v. Maher,* 108 F.3d 1513, 1529 (2d Cir.1997).

### II. Motion to Withdraw a Guilty Plea

■ Under Federal Rule of Criminal Procedure 11(d)(2)(B), "[a] defendant may withdraw a plea of guilty or nolo contendere ... after the court accepts the plea, but before it imposes sentence[,] if ... the defendant can show a fair and just reason for requesting the withdrawal," *id.* A defendant who seeks to withdraw his or her plea bears the burden of showing that there are valid grounds for withdrawal. *United States v. Couto,* 311 F.3d 179, 185 (2d Cir.2002). "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez,* 970 F.2d 1095, 1100 (2d Cir.1992).

■ In general, to determine whether the defendant has shown a "fair and just reason" to justify withdrawal, a district court considers, *inter alia:* (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be

---

2. The details of the misstatements have been discussed at length in several opinions. *See, e.g., United States v. Froman,* 355 F.3d 882, 886–87 (5th Cir.2004).

prejudiced by a withdrawal of the plea. *Couto,* 311 F.3d at 185. Courts may also look to whether the defendant has "raise[d] a significant question about the voluntariness of the original plea." *United States v. Torres,* 129 F.3d 710, 715 (2d Cir.1997). The standard for withdrawing a guilty plea is stringent because "society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." *Maher,* 108 F.3d at 1529 (citation, internal quotation marks, and alteration omitted).

In this case, the government does not contend that it would be prejudiced by the withdrawal. It argues, however, that the defendant has failed to justify it. *See United States v. Hirsch,* 239 F.3d 221, 225 (2d Cir.2001). We agree.

■ Schmidt's motion to withdraw his guilty plea was not based on a claim of "actual innocence," and his plea was entered into voluntarily and was made somewhere between three and eight months after Schmidt obtained information putting him on notice of the irregularities with regard to the affidavit used to obtain the warrant (depending on which letter is considered to have indeed put him on such notice). The district court applied the relevant factors before denying Schmidt's motion to withdraw his guilty plea, and we have no basis on which to disagree with the court's conclusion that the motion was based solely on Schmidt's reevaluation of the government's case against him. The district court therefore did not abuse its discretion in denying Schmidt's motion to withdraw the plea.

We note that, when, as here, a defendant argues that a procedural violation should permit him or her to withdraw a guilty plea, we are permitted to examine the alleged violation and assess the merits of the defendant's argument. *See United States v. Fernandez–Antonia,* 278 F.3d 150, 156 (2d Cir.2002). If the defendant's argument is without merit, "there could have been no 'fair and just reason' for [him or her] to withdraw his [or her] guilty plea[,] and the district court did not abuse its discretion in denying the motion." *Id.*

To assess the merit of Schmidt's assertion that the affidavit that supported the search warrant did not, absent its false statements, establish probable cause to search his home, we "[w]ould disregard the allegedly false statements and determine whether the remaining portions of the affidavit would support probable cause to issue the warrant." *United States v. Trzaska,* 111 F.3d 1019, 1027–28 (2d Cir.1997); *accord United States v. Canfield,* 212 F.3d 713, 718 (2d Cir.2000). Probable cause entails "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit ..., there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Were we to review the merits of Schmidt's underlying claim, we would be inclined to agree with the majority of courts to have decided this precise issue that, even excluding the misstatements, the affidavit demonstrated probable cause to search. *See, e.g., United States v. Froman,* 355 F.3d 882, 891 (5th Cir.2004); *United States v. Hutto,* 84 Fed.Appx. 6, 8 (10th Cir.2003) (unpublished); *United States v. Coreas,* 259 F.Supp.2d 218, 221 (E.D.N.Y.2003); *United States v. Bailey,* 272 F.Supp.2d 822, 838 (D.Neb.2003); *but see United States v. Perez,* 247 F.Supp.2d 459, 481 (S.D.N.Y.2003); *United States v. Strauser,* 247 F.Supp.2d 1135, 1143–44 (E.D.Mo.2003). We need not decide this

issue, however, in order to affirm, and therefore do not decide it.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.