**UNITED STATES of America,**
Appellee,

v.

**Ryszard GRZYBEK, also known as Tomasz Babau, Lukasz Serafin, Krzysztof Tyscko, Tomasz Tyscko, Defendants,**

**Zbigniew Grochowski, Defendant–Appellant.**

No. 07–2117–cr.

United States Court of Appeals, Second Circuit.

July 3, 2008.

Tammi D. Pere, Law Offices of Tammi D. Pere, Esquire, Queens Village, NY, for Defendant–Appellant.

Michael H. Warren, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges, and Hon. COLLEEN McMAHON, District Judge.[*]

## SUMMARY ORDER

Defendant–Appellant Zbigniew Grochowski appeals from a district court judgment sentencing him principally to a four-year term of probation after his conviction for conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 371. After Grochowski pleaded guilty in this case, he filed a motion to withdraw that guilty plea, which the district court denied. We assume the parties' familiarity with the remaining facts and proceedings in the district court.

■ Grochowski argues that the district court erroneously denied his motion to withdraw his guilty plea. This Court reviews for abuse of discretion a district court's decision to deny a defendant's motion to withdraw his plea. *See United States v. Rosen*, 409 F.3d 535, 546 (2d Cir.2005). In this context, "[a] district court abuses its discretion if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *United States v. Couto*, 311 F.3d 179, 185 (2d Cir.2002) (internal quotation marks and citation omitted). Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure provides that "[a] defendant may withdraw a plea of guilty ... after the court accepts the plea, but before it imposes sentence if ... the defendant can show a fair and just reason for requesting the withdrawal." To determine whether a defendant has demonstrated a "fair and just reason" for withdrawal district courts consider: (1) whether the defendant has asserted his innocence in the motion to withdraw the plea; (2) the amount of time between the defendant's plea and the filing of the motion, with a longer period of time making it less likely that the defendant's reason will be "fair and just"; and (3) whether the Government would be prejudiced by the withdrawal of the plea. *See United States v. Schmidt*, 373 F.3d 100, 102–03 (2d Cir.2004). "Courts may also look to whether the defendant has 'raise[d] a significant question about the voluntariness of the original plea.'" *Id.* at 103 (quoting *United States v. Torres*, 129 F.3d 710, 715 (2d Cir.1997)) (alterations in original). In this case, the record contains no evidence demonstrating that the district court abused its discretion in denying Grochowski's motion to withdraw his guilty plea.

The record contradicts Grochowski's argument that the claim of innocence raised in support of his motion to withdraw his plea was consistent with statements he made during his plea allocution. During his allocution, Grochowski insisted that he had not received any money as a result of the conspiracy alleged in the Indictment. However, he also admitted that he had arranged for his co-defendant, Ryszard Grzybek, to steal Grochowski's vehicle, knew that Grzybek had done so, and had falsely reported to Allstate that his vehicle had been damaged as a result of the theft.

[*] The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

In his certification in support of his motion to withdraw his plea, Grochowski claimed that his vehicle actually had been stolen, and that he had not conspired with anyone to arrange for the theft. This Court has noted that "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Torres*, 129 F.3d at 715. In this case, the outright denial of criminal conduct made in support of his motion to withdraw entirely contradicted the admissions Grochowski made during his plea allocution.

Further, to the extent that the district court might have considered Grochowski's later claim of innocence, it was not error to decline to credit that claim over the statements he made at his plea hearing. It is well established that "[a] criminal defendant's self-inculpatory statements made under oath at this plea allocution carry a strong presumption of verity ... and are generally treated as conclusive in the face of the defendant's later attempt to contradict them." *Adames v. United States*, 171 F.3d 728, 732 (2d Cir.1999) (internal quotation marks and citations omitted).

As to the timing of Grochowski's motion, the record demonstrates that Grochowski waited until approximately five months after he pleaded guilty to inform the district court that he intended to withdraw that plea. The district court did not abuse its discretion in determining that the amount of time weighed in favor of denying the motion. *See United States v. Grimes*, 225 F.3d 254, 259 (2d Cir.2000) (finding no abuse of discretion in denying the defendant's motion to withdraw his guilty plea where the defendant waited "almost five months" before indicating that he wished to do so).

With respect to the potential prejudice to the Government, the consequences Grochowski characterizes as only "inconveniences" to the Government are actually prejudicial. If Grochowski were permitted to withdraw his plea, the Government would likely be required to conduct a second trial in this matter, necessitating a second round of evidence preparation, the recalling of witnesses, and further exhaustion of prosecutorial resources.

■ Grochowski also argues that his lack of understanding of the plea proceedings—which was allegedly exacerbated by the fact that his first language is Polish—and pressure from his family to plead guilty rendered his plea unknowing and involuntary such that the district court should have allowed him to withdraw his plea. The record demonstrates, however, that Grochowski's protestations during his plea allocution did not reflect a lack of understanding of the proceedings. Rather, Grochowski's comments during the hearing demonstrated that he was upset by the Government's conduct in the case—particularly by what he perceived to be the mistreatment of his family by the agents who had arrested him—and that he was insistent on reiterating that he had not received any money as a result of the conspiracy. The record reflects that the district court repeatedly asked Grochowski whether he understood the nature of the proceeding and the charge to which he had agreed to plead guilty. The district court permitted Grochowski to confer with his attorneys at several points during the proceeding. Further, the district court conducted the proceeding with the assistance of a translator after it verified that Grochowski preferred to proceed in Polish. Nothing in the record suggests that Grochowski either misunderstood the nature of the plea proceeding or was unable to understand the discussion because of any difficulties with language.

The record does not support Grochowski's claim that he decided to plead guilty

after being pressured by his family to bring a resolution to the proceedings. During his plea hearing, Grochowski told the court that he was pleading guilty of his own free will and that no one had forced or pressured him to do so. In his motion to withdraw his claim, Grochowski provided no evidence—other than his own self-serving and conclusory assertion—suggesting that his plea was the product of pressure from his family. Absent further evidence of coercion, the alleged pressure from his family is an insufficient basis to determine that his plea was involuntary. *See, e.g., Brown v. LaVallee,* 424 F.2d 457, 460–61 (2d Cir.1970) (declining to find that the defendant's mother's insistence that he plead guilty rendered his plea involuntary).

■ Finally, Grochowski's argument that the facts elicited during his plea allocution were insufficient to support a conviction on the conspiracy charge lack merit. Grochowski did not argue this claim to the district court, and, thus, we review it for plain error. *See United States v. Rybicki,* 354 F.3d 124, 128–29 (2d Cir.2003). Under plain error review, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Here, because the district court did not commit any error in concluding that Grochowski had admitted to facts sufficient to support his guilty plea, this claim presents no basis for reversing the district court's denial of Grochowski's motion to withdraw his guilty plea. Grochowski pleaded guilty to conspiracy to commit wire and mail fraud. The wire and mail fraud statutes prohibit "devis[ing] or intending to devise any scheme or artifice to defraud, or for

obtaining money or property" using either the United States mail or various communications devices. *See* 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud). Although Grochowski asserted—and the Government conceded—that Grochowski did not actually receive any money from the insurance company as a result of his false statement regarding the auto theft, the record demonstrates that he admitted that he had arranged for Grzybek to take his vehicle, that after recovering his SUV he had submitted an affidavit claiming damages from a theft that he knew had not actually occurred, and that Allstate had paid to have the damages repaired. The language of the relevant statutes demonstrates that whether Grochowski himself received money as a result of the scheme is immaterial so long as the purpose of the scheme was to defraud the insurance company.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.