**UNITED STATES of America,**
**Appellee,**

v.

**Edward GARAFOLA, Defendant–**
**Appellant.**

No. 07–4352–cr.

United States Court of Appeals,
Second Circuit.

Sept. 16, 2008.

---

Elie Honig, Assistant United States Attorney (Michael J. Garcia, United States Attorney, on the brief, Celeste L. Koeleveld, Assistant United States Attorney, of Counsel), United States Attorney's Office for the Southern District of New York, NY, for Appellee.

Diarmuid White (Brendan White, on the brief), White & White, New York, NY, for Appellant.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Edward Garafola appeals from an September 21, 2007 judgment of conviction of the District Court (John G. Koeltl, *Judge*). On October 21, 2004, defendant pleaded guilty to participating in a pattern of racketeering in violation of 18 U.S.C. § 1962(c). In September 2005, defendant moved to withdraw a portion of his guilty plea. The District Court

(Richard C. Casey, *Judge*) subsequently denied that motion. *See United States v. Garafola*, No. S8 02 CR 743, 2006 WL 963878 (S.D.N.Y. Apr.13, 2006). Defendant was then sentenced principally to a term of 360 months' incarceration. On appeal, defendant argues that he did not fully understand the meaning of the charges against him and, accordingly, that his plea was not voluntarily made. He also contends that the District Court abused its discretion in denying his motion to withdraw his guilty plea because the plea was not supported by a sufficient factual basis and that the District Court erroneously rejected his claim of actual innocence. We assume the parties' familiarity with the facts and procedural history of the case.

We review a district court's decision to deny a motion to withdraw a guilty plea for abuse of discretion and any related factual findings for clear error. *See, e.g., United States v. Juncal*, 245 F.3d 166, 170–71 (2d Cir.2001).

We find no error in Judge Casey's determinations that there was a sufficient factual basis for defendant's guilty pea, and that the plea was knowingly and voluntarily made. These findings are amply supported in the record including defendant's own statements. Defendant stated at his plea hearing that he understood the charges against him, including stating that "I knowingly and unlawfully conspired with others to murder [the victim] . . . I and others did cause this death."

We conclude that Judge Casey did not err in denying defendant's motion to withdraw his guilty plea. Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence[,] if . . . the defendant can show a fair and just reason for re-

questing the withdrawal," but the defendant bears the burden for demonstrating an adequate reason. *United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir.2004) (citing FED.R.CRIM.P. 11(d)(2)(B)). The District Court must evaluate "(1) whether the defendant has asserted his ... legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea. [The Court] may also look to whether the defendant has raise[d] a significant question about the voluntariness of the original plea." *Id.* at 102–03 (citations and internal quotation marks omitted) (alteration in original). Judge Casey properly concluded that the eleven months that elapsed between the plea and defendant's motion weighed against permitting him to withdraw and that the fact that the government had already proceeded to trial against his co-defendants meant that the government would suffer significant prejudice. As we concluded above, defendant has not raised a significant challenge to the voluntariness of his plea.

Based on our examination of the record, including the sealed portions of the District Court's opinion, we conclude that Judge Casey correctly rejected defendant's claim of actual innocence.

For the reasons stated above, the judgment is **AFFIRMED.**