United States v. Moses

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of October, two thousand eleven.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
            JON O. NEWMAN,
            GERARD E. LYNCH,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
        Appellee,

        -v.-                                          10-4552

RICHARD E. MOSES, JR., AKA DICKY MOSES,
        Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           Arza Feldman, Uniondale, New York.

FOR APPELLEES:           Paul J. Van de Graaf, Heather E. Ross, Assistant United States Attorneys, *for* Tristram J. Coffin, United States Attorney for the District of Vermont, Burlington, Vermont.

1

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Richard E. Moses, Jr. appeals from a judgment of conviction, following a guilty plea to one count of conspiracy to distribute more than five kilograms of cocaine, one count of conspiracy to use and carry a firearm during and in relation to a drug trafficking crime, and one count of attempting to kill a witness. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Moses appeals the district court's denial of his motion to withdraw his guilty plea. Moses sought to withdraw on the ground that the trial judge impermissibly participated in plea discussions in violation of Federal Rule of Criminal Procedure 11(c)(1). Moses also argues that the trial judge imposed an unreasonable sentence in retaliation for Moses' motion to withdraw his guilty plea. Neither contention has merit.

**[1]** "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." FED. R. CRIM. P. 11(d)(2)(B). When a defendant alleges that a procedural violation should permit withdrawal, the court may assess the merits of the defendant's argument. If the argument is without merit, the defendant has not shown a "fair and just reason." <u>Id.</u>; <u>see</u> <u>United States v. Schmidt</u>, 373 F.3d 100, 103 (2d Cir. 2004).

Moses argues that comments made by the district court during sidebar colloquies on August 7 and August 8, 2008 violated RULE 11(c)(1) and coerced Moses to plead guilty. However, the rule against court participation in plea discussions "does not establish a series of traps for imperfectly articulated oral remarks." <u>United States v. Paul</u>, 634 F.3d 668, 673 (2d Cir. 2011) (quoting <u>United States v. Frank</u>, 36 F.3d 898, 903 (9th Cir. 1994)). We therefore consider the court's comments in context.

Addressing Moses' attorney at sidebar, the court said, "I think the way this trial is going he's got some problems. If other witnesses are going to testify in a similar manner to the witnesses I've seen so far you've got some real problems here." The court also remarked in reference to a possible plea offer, "15 years is a lot of years . . . . But life is, that's, as you know, many years." The context of these comments--and others cited by Moses--makes clear that their purpose and effect was not to pressure Moses to plead guilty: It was to ensure that Moses' attorney was aware of the prosecution's plea offers and was communicating them to his client. The defense attorney was Moses' fourth, and the record of the sidebar suggests counsel was unaware that the prosecution had made plea offers.

In any event, RULE 11 violations are subject to harmless error analysis. See <u>Paul</u>, 634 F.3d at 673-74. Here, the court made the comments at a sidebar with the prosecutor and Moses' defense attorney. There is no evidence that these comments were relayed to Moses or that they affected his decision to plead guilty.

**[2]** Moses argues that the court imposed a twenty-five year sentence in retaliation for his motion to withdraw his guilty plea. However, the plea agreement that Moses signed stipulated a term of imprisonment of at least twenty years and not more than twenty-five years. Moses presents no evidence that the court sentenced him to the higher number out of vindictiveness or that the sentence was otherwise unreasonable.

Finding no merit in Moses' remaining arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3