United States v. Glover

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of January, two thousand twelve.

PRESENT: DENNIS JACOBS,
                            **Chief Judge**,
      RICHARD C. WESLEY,
      SUSAN L. CARNEY,
                          **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
      **Appellee**,

      -v.-                              10-2827

MAURIEL GLOVER, aka Feet,
      **Defendant-Appellant**.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              David J. Wenc, Windsor Locks, Connecticut.

**FOR APPELLEES:**                    Marc H. Silverman, Sandra S.
                                     Glover, Assistant United States
                                     Attorneys, <u>for</u> David B. Fein,
                                     United States Attorney for the
                                     District of Connecticut, New
                                     Haven, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Mauriel Glover appeals from a judgment of conviction, following a guilty plea to one count of conspiring to possess with intent to distribute and to distribute fifty grams or more of a mixture and substance containing cocaine base. Glover argues that the district court erred in denying his motion to withdraw his guilty plea. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The district court did not abuse its discretion in denying Glover's motion. <u>See</u> <u>United States v. Schmidt</u>, 373 F.3d 100, 102 (2d Cir. 2004) (per curiam).

Glover argues that his plea was a result of threats and misrepresentations made by the prosecutor and his former defense counsel. These assertions contradict his statements at the plea allocution. A "defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw [his] guilty plea." <u>United States v. Gonzalez</u>, 647 F.3d 41, 56 (2d Cir. 2011) (alteration in original) (internal quotation marks omitted). Furthermore, Glover's motion to withdraw his guilty plea came nearly two years after he entered it, and he has not asserted his innocence. <u>See</u> <u>United States v. Carreto</u>, 583 F.3d 152, 157 (2d Cir. 2009) (listing factors the Court considers in analyzing a motion to withdraw a guilty plea).

Finding no merit in Glover's remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, CLERK