19-2198-cr
*United States v. Bailey*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty.

PRESENT: GUIDO CALABRESI,
DENNY CHIN,
SUSAN L. CARNEY,
  *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
  *Appellee*,

  -v-                                                            19-2198-cr

MILES BAILEY,
  *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          CARINA H. SCHOENBERGER,
                                       Assistant United States Attorney, *for*
                                       Grant C. Jaquith, United States Attorney
                                       for the Northern District of New York,
                                       Syracuse, New York.

FOR DEFENDANT-APPELLANT:          BRENDAN WHITE, White & White,
                                  New York, New York.

Appeal from the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Miles Bailey appeals from a final judgment entered July 22, 2019, convicting him, following his guilty plea, of conspiracy to steal public money, theft of public money, and aggravated identity theft, in violation of 18 U.S.C. §§ 371, 641, and 1028A(a)(1). He was sentenced principally to 75 months' imprisonment. On appeal, Bailey argues that: (1) his plea was taken in violation of Federal Rule of Criminal Procedure 11(b)(2); (2) the district court abused its discretion in denying his motion to withdraw his guilty plea; and (3) his sentence was both procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Bailey was indicted on September 28, 2017, and he entered into a written plea agreement with the government on June 21, 2018. On the eve of Bailey's July 6, 2018 plea hearing, however, Bailey's attorney notified the district court that Bailey no longer planned to plead guilty. On July 26, 2018, the government filed a superseding

- 2 -

indictment against Bailey, removing one count of mail fraud and adding three counts of aggravated identity theft.

The superseding indictment alleged, among other things, that between March 2011 and July 2014, Bailey and his co-conspirators used stolen identities to fraudulently obtain tax refunds. Over the course of the scheme, Bailey endorsed and deposited over 300 fraudulently obtained refund checks totaling more than $1.9 million into multiple bank accounts that he maintained. Additionally, Bailey moved money between these accounts and utilized front businesses to hide and launder the illicitly obtained funds.

On November 28, 2018, the day trial was scheduled to begin, Bailey once again decided to plead guilty, this time without a plea agreement. At the start of the plea allocution, the district court told Bailey that it "must be satisfied that [he is] entering into [the] plea of [his] own free will." App'x at 40. The district court had Bailey's attorney "put on the record" his discussions with Bailey to help it determine whether Bailey was pleading guilty "of his own free will." App'x at 42. Bailey's attorney explained that Bailey believed pleading guilty would lead to "the best possible outcome" and would serve his "best interest." App'x at 42. Finally, the district court asked Bailey if "anyone made any promises to [him] with respect to [his] sentencing," and Bailey confirmed that no one had. App'x at 45-46. Based on its discussion with Bailey and defense counsel, the district court found that Bailey was "competent and . . .

- 3 -

capable of entering an informed plea" and that "his plea [was] a knowing and voluntary plea." App'x at 49.[1]

Over seven months later -- and just two days before sentencing -- Bailey's attorney filed a letter advising the court that Bailey wanted to withdraw his guilty plea. At sentencing, the district court denied Bailey's request, as well as his second request to adjourn sentencing. The court explained that Bailey waited many months to withdraw his plea, and it noted that he was "abusing the process." App'x at 69. Later in the sentencing, Bailey claimed that he pleaded guilty because a "cop" had pressured him by threatening to "charge" his father and daughter. App'x at 80. The government denied that this was true.[2] The district court refused to entertain Bailey's allegation and proceeded with sentencing.

The Presentence Investigation Report recommended a term of imprisonment of 51-63 months on the charges related to theft of public money and a consecutive two-year term of imprisonment on the aggravated identity theft charges -- a total range of 75-87 months. This calculation included, *inter alia*, the addition of two offense levels because the offense involved ten or more victims, and another two offense levels because the offense involved the use of sophisticated means. Although

---

[1]    On appeal, both the government and Bailey agree that the district court did not expressly ask Bailey whether anyone had threatened or pressured him to plead guilty.

[2]    Bailey identified the individual as "Thomas Kubick." App'x at 81. The Government suggests on appeal that this individual may be "Thomas Kubisch," who is an investigator for the Office of the Federal Public Defender.

Bailey's attorney objected to these enhancements, the district court applied them and sentenced Bailey to 75 months' imprisonment. This appeal followed.

*DISCUSSION*

**1.     *Rule 11(b)(2)***

Bailey contends that the district court violated Rule 11(b)(2) at the plea allocution by failing to ask him "whether he had been forced or threatened to plead guilty." Appellant's Br. at 17. But Bailey did not object to this purported error at any time in the district court below. We therefore review his claim only for plain error. *United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006). On plain error review, Bailey is entitled to relief only if he can show that there was (1) an error, (2) that was plain, (3) that prejudicially affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Rule 11(b)(2) does not mandate any particular wording in a plea allocution. *See id.* at 102 ("Rule 11 imposes strict requirements on what information the district courts must convey and determine before they accept a plea[ but] it does not tell them precisely *how* to perform this important task in the great variety of cases that come before them.") (quoting *United States v. Maher*, 108 F.3d 1513, 1520-21 (2d Cir. 1997) (internal quotation marks and alterations omitted). Rather, Rule 11(b)(2) requires only that, before accepting a guilty plea, "the court must address the defendant personally in

open court and determine that that plea is voluntary and did not result from force, threats, or promises." Fed. R. Crim. P. 11(b)(2).

Even assuming that the district court erred and that the error was "plain," Bailey has not shown that his substantial rights were affected. *Torrellas*, 455 F.3d at 103. "A substantial right is affected if there is a reasonable probability that, but for the error, the defendant would not have entered the plea." *United States v. Gonzales*, 884 F.3d 457, 461 (2d Cir. 2018) (internal quotation marks omitted). On appeal, Bailey contends that had the error not occurred, the case "might well have proceeded to trial," Appellant's Br. at 31, but he does not argue that he would not have entered the plea "but for the error," *Gonzales*, 884 F.3d at 461. Accordingly, any error did not substantially affect Bailey's rights, and the court did not plainly err in its plea allocution.

**2.** *Motion to Withdraw Guilty Plea*

We review the denial of a defendant's motion to withdraw his guilty plea for abuse of discretion, examining findings of fact for clear error and reviewing questions of law *de novo*. *United States v. Albarran*, 943 F.3d 106, 117 (2d Cir. 2019). We consider whether the defendant "has raised a significant question about the voluntariness of the original plea," as well as:

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the

> government would be prejudiced by a withdrawal of the plea.

*Id.* at 117-18 (quoting *United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004)).

First, Bailey has not raised a significant question as to the voluntariness of his plea. While Bailey says that a law enforcement official named "Thomas Kubick" suggested that the government would prosecute his family members if he did not plead guilty, he did not and has not identified who this person is or what exactly was said, and the government has represented both here and in the district court that no person working on its behalf made any such statement. Second, Bailey did not assert his legal innocence in the district court. Third, Bailey waited seven months to raise the issue before the district court. We have found that a four-month delay between a guilty plea and a motion to withdraw the plea supports denying the motion, *id.* at 123, and "wait[ing] five months to file [a withdrawal] motion *strongly* supports . . . finding that [the] plea was entered voluntarily," *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008) (emphasis added). Finally, the government would have been prejudiced by a withdrawal of the plea, as it would have had to prepare for trial a second time and again transport victim witnesses to testify. *Albarran*, 943 F.3d at 123 (noting that the need to locate witnesses and prepare for trial again prejudices the prosecution). Therefore, the district court did not abuse its discretion in denying Bailey's motion to withdraw his guilty plea.

**3.** *Bailey's Sentence*

"This court review[s] the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard." *United States v. Richardson*, 958 F.3d 151, 153 (2d Cir. 2020) (internal quotation marks omitted). A sentence is procedurally unreasonable if, *inter alia*, a district court "makes a mistake in its Guidelines calculation." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). We consider "[a] sentence . . . substantively unreasonable if it is manifestly unjust or shock[s] the conscience." *Richardson*, 958 F.3d at 153-54 (internal quotation marks omitted).

Bailey argues that because fewer than six victims suffered economic loss and the bulk of this loss fell on the government, the district court should not have applied a two-level enhancement for an offense involving ten or more victims. *See* U.S.S.G. § 2B1.1(b)(2)(A)(i). The Sentencing Guidelines, however, define "victim" as "any individual whose means of identification was used unlawfully or without authority" where a case involves "means of identification." U.S.S.G. § 2B1.1 cmt. n.4(E)(ii); *see also United States v. Jesurum*, 819 F.3d 667, 671 (2d Cir. 2016). Bailey was convicted of three counts of aggravated identity theft based on his use of hundreds of stolen identities. Therefore, the district court correctly applied U.S.S.G. § 2B1.1(b)(2)(A)(i).

Bailey also contends that because his scheme was "simple," Appellant's Br. at 42, the district court should not have applied a two-level enhancement for the use of sophisticated means, U.S.S.G. § 2B1.1(b)(10)(C). The Guidelines define "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense," including "hiding assets or transactions, or both." *Id*. at § 2B1.1 cmt. n.9(B). Each step in a scheme need not be elaborate if "the total scheme was sophisticated in the way all the steps were linked together." *United States v. Jackson*, 346 F.3d 22, 25 (2d Cir. 2003); *see also United States v. Fofanah*, 765 F.3d 141, 146 (2d Cir. 2014) (noting that "tactics to conceal offense conduct" and "repetitive and coordinated conduct" indicate sophistication). Bailey moved money between several bank accounts and used his businesses as "fronts" to hide his activity. Thus, the district court correctly applied U.S.S.G. § 2B1.1(b)(10)(C).

Bailey also argues that his sentence was substantively unreasonable based on the comparatively shorter sentences received by his co-conspirators. While the district court was required to consider nationwide sentence disparities, it was not required to consider disparities between the sentences of Bailey and his co-defendants. *See United States v. Ghailani*, 733 F.3d 29, 55 (2d Cir. 2013). Bailey has not shown that his sentence is "manifestly unjust" or outside "the range of permissible decisions." *Richardson*, 958 F.3d at 154 (citations omitted). Accordingly, the district court's sentence

was both procedurally and substantively reasonable, and it did not abuse its discretion in sentencing Bailey.

*   *   *

We have considered Bailey's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk