*United States v. Jimenez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> DENNY CHIN,
> > *Circuit Judge*,
> PAUL A. ENGELMAYER,
> > *District Judge*.*

_____

UNITED STATES OF AMERICA,

>>> *Appellee*,

>> v.                                             19-2690-cr

DUKE JIMENEZ,

>>> *Defendant-Appellant*.

_____

For Appellee:                           MONICA J. RICHARDS, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY

---

* Judge Paul A. Engelmayer, of the United States District Court for the Southern District of New York, sitting by designation.

For Defendant-Appellant:                 ROBERT J. BOYLE, Law Office of Robert J. Boyle, New York, NY

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Duke Jimenez ("Jimenez") appeals from the final judgment of the District Court for the Western District of New York (Arcara, *J*.) sentencing him to 42 years in prison after he pled guilty to two counts related to his production and possession of child pornography. On appeal, Jimenez argues that the district court abused its discretion by denying his motion to withdraw his plea under Fed. R. Crim. P. 11(d) because his counsel was unconstitutionally ineffective. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

We review denials of motions to withdraw a guilty plea for abuse of discretion. *See United States v. Schmidt*, 373 F.3d 100, 102 (2d Cir. 2004). Under Rule 11(d)(2)(B) a defendant may withdraw a plea if "the defendant can show a fair and just reason for requesting the withdrawal." In general, when considering whether a fair and just reason exists to justify withdrawal "a district court considers, *inter alia*: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *Id.* at 102–03. This Court has also said that courts may look to whether the defendant "raise[s] a significant question

2

about the voluntariness of the original plea." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

Jimenez argues that the district court erred in denying his motion to withdraw because his counsel was unconstitutionally ineffective and thus his plea was not voluntary. For counsel to be unconstitutionally ineffective, a defendant must show that the representation "fell below an objective standard of reasonableness" and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). In the context of plea bargaining, the Supreme Court has clarified that the relevant question is not whether the result of the criminal process would have been different, because the relevant prejudice is the denial of the trial proceeding itself. *See Lee v. United States*, 137 S. Ct. 1958, 1965 (2017). *Lee* held that a defendant thus need not show that he or she would have been better off going to trial, only that there exists a reasonable probability that without the alleged errors the defendant would not have pled guilty and would have proceeded to trial. *See id.*

Jimenez claims that he received constitutionally ineffective assistance, resulting in an involuntary plea, because none of the first three attorneys to which he was in turn assigned discussed with him and investigated a defense of voluntary intoxication—a defense that he now asserts would have caused him, on consideration, to elect to go to trial. He claims that effective counsel would have informed him that his use of marijuana and ecstasy would constitute a valid defense to the production of child pornography charge and, as such, he would not have pled guilty. For the following reasons, we disagree.

At the start, we are conscious of the Supreme Court's general instruction that "when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be

3

challenged as unreasonable." *Strickland*, 466 U.S. at 691. Such is the case here. Based on the record before the district court, Jimenez not only discussed his drug use with the investigator employed by the Federal Public Defender's Office but also with the forensic psychologist retained by his counsel to assess whether his alleged memory loss could form a defense. At all points, however, Jimenez disclaimed having a drug problem and asserted that his drug use, extensive as it may have been, did not interfere with his work or relationships.

Jimenez attempts to evade this conclusion by pointing to inconsistencies in his own account and arguing that counsel should have inferred that more investigation of his drug use was warranted. But again, although Jimenez was at points inconsistent about his drug use, he was consistent that it did not impact his ability to function as a responsible adult. *Strickland* rejects the notion that a defendant can consistently disclaim the factual basis for a potential defense then later fault his counsel for not investigating a potential claim based on those facts. This general proposition, moreover, is particularly applicable in the circumstances here, which demonstrate that Jimenez's various counsel diligently investigated a variety of potential defenses tied to Jimenez's mental state, thus inquiring not only into Jimenez's alleged memory loss with the aforementioned psychologist, but also consulting a neurologist and sleep medicine expert on the topic of Jimenez's alleged sleep walking, and a possible defense associated with it.

Finally, Jimenez's conviction on the two counts to which he pled guilty was not the result of an isolated act or even a discrete set of acts, so as to render a voluntary intoxication defense potentially more compelling. Rather, Jimenez's plea agreement documents that his abuse of the child entrusted to his care stretched over at least eight and a half months and involved abusive conduct on numerous occasions. Were this not enough, moreover, his actions were not limited to such abuse, but also included substantial activities he undertook afterwards to cover up his

misconduct. On this record we cannot say that it would be objectively unreasonable for competent counsel to have determined that a voluntary intoxication defense, even if Jimenez had not disclaimed the basis for such a defense, was simply not plausible.

Here, the district court considered Jimenez's sworn affidavit as well as the affidavits of prior counsel. Based on this record, it did not abuse its discretion in determining that Jimenez failed to establish any basis for a plea withdrawal based on counsel's performance in connection with Jimenez's supposed voluntary intoxication defense. Nor was it an abuse of discretion for the district court to decline to hold a hearing on the matter. We have previously said that a defendant "must present some significant questions concerning the voluntariness or general validity of the plea to justify an evidentiary hearing." *United States v. Gonzalez*, 970 F.3d 1095, 1100 (2d Cir. 1992). For the reasons above, the questions Jimenez presents are not significant.

\* \* \*

We have considered Jimenez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5