20-1910
*United States v. Davila*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> WILLIAM J. NARDINI,
> *Circuit Judges*,

---

UNITED STATES OF AMERICA,

   *Appellee*,

  v.           20-1910

RODOLFO DAVILA,

   *Defendant-Appellant*,

DAVID CHENEY, SHAWN PALMER, GARY DESILETS,
ELIZABETH GONZALEZ-RIVERA,

   *Defendants*.

---

For Defendant-Appellant:   DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, Vermont.

1

For Appellee:                          NATHANAEL T. BURRIS, Assistant United States
                                       Attorney (Gregory L. Waples, Assistant United States
                                       Attorney, *on the brief*), *for* Christina E. Nolan, United
                                       States Attorney for the District of Vermont, Burlington,
                                       Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Rodolfo Davila appeals from a June 18, 2020, judgment of the District of Vermont (Sessions, *J.*) sentencing him to 151-month prison terms on one count of conspiring to distribute fentanyl and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and one count of maintaining a drug-involved premises, in violation of 21 U.S.C. §§ 856(a)(2), 856(b), and a 120-month prison term on one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), all to run concurrently, and ordering the forfeiture of property described in the district court's order and opinion of the same day. Familiarity with the record is otherwise presumed. On appeal, Davila argues that the district court abused its discretion by denying his motion to withdraw his guilty plea and erred by ordering the forfeiture of his real property in Windsor, Vermont. We disagree on both counts and, accordingly, affirm.

## I.  Withdrawal of Guilty Plea

"A defendant may withdraw a plea of guilty or nolo contendere after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Juncal*, 245 F.3d 166, 170–71 (2d Cir.

2

2001). Here, shortly after entering his plea, Davila had a "change of heart" about whether to admit that the conspiracy in which he participated involved one kilogram or more of heroin. Appellant's Br. at 16. However, "[t]he fact that a defendant ha[d] a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Doe*, 537 F.3d 204, 212 (2d Cir. 2008) (quoting *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992)). We conclude that Davila has not carried his burden of showing a fair and just reason for withdrawing his plea.

To be sure, Davila argues that "there is an aspect of involuntariness about [his] plea" because he "was not aware of the objectionable provision remaining in the agreement, . . . was only made aware mid-plea," and went forward "only 'extremely reluctantly.'" Appellant's Br. at 18–19. However, the record belies the existence of "a significant question about the voluntariness of the original plea" that would counsel granting withdrawal. *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) (quoting *United States v. Schmidt*, 373 F.3d 100, 103 (2d Cir. 2004)). For one thing, Davila repeatedly stated under oath during his plea colloquy that he knew and understood the contents of his plea agreement, that he wished to plead guilty, and that his decision was voluntary. Sworn testimony "carries such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *Juncal*, 245 F.3d at 171. At any rate, Davila does not claim that his plea was "induced by threats," "misrepresentation," or "promises that are by their nature improper." *Brady v. United States*, 397 U.S. 742, 755 (1970). Instead, he concedes that he acceded, albeit reluctantly, to advice of counsel, which, even when "blunt," does not "constitute improper

3

behavior or coercion that would suffice to invalidate a plea." *Juncal*, 245 F.3d at 172. Finally, his claim that he was not aware of the quantity provision's presence in the plea agreement is undercut by, among other things, the fact that he initialed the page of the agreement containing the admission, his representations that he had gone through the agreement with counsel and understood its contents, and his choice to enter his plea after the court raised the provision at the colloquy. In sum, the district court did not abuse its discretion in denying Davila's motion.[1] *See generally United States v. Kerr*, 752 F.3d 206, 221–22 (2d Cir. 2014).

## II. Forfeiture

"Any person convicted of a violation [of Title 21, Chapter 13] punishable by imprisonment for more than one year shall forfeit to the United States . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation." 21 U.S.C. § 853(a)(1). The Government bears the burden of proving by a preponderance of the evidence this "nexus between the offense and the assets to be forfeited." *United States v. Capoccia*, 503 F.3d 103, 110 (2d Cir. 2007) (internal quotation marks omitted). "We review a district court's legal conclusions — including those regarding the application of the forfeiture statute — *de novo*, and all underlying factual findings for clear error." *United States v. Peters*, 732 F.3d 93, 98 (2d Cir. 2013). Here, there is ample undisputed evidence that Davila bought the

---

[1] Davila also argues that the district court committed legal error by considering whether withdrawal would prejudice his sister and co-defendant, whose plea agreement was conditioned on his plea. Although this Court lists three factors that district courts may use to determine if the reason for a withdrawal is "fair and just" under Rule 11, we have made clear that those factors are nonexclusive. *See, e.g.*, *United States v. Schmidt*, 373 F.3d 100, 102–03 (2d Cir. 2004) ("[A] district court considers, *inter alia*, . . . ."). Davila has not persuaded us that a district court errs by exploring the effect withdrawing a plea might have on interlocked plea agreements. In any event, even assuming *arguendo* that consideration of this factor was error, the record amply supports affirmance for the reasons given. *See Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) (noting that we may affirm for any reason supported by the record).

properties at 55 River Street and 41 Jarvis Street with proceeds of the charged drug conspiracy.[2]

Therefore, the district court did not err in holding those properties forfeitable.

Davila claims that his drug enterprise could not have generated enough revenue to fund the purchase of the two properties.   However, the assumptions on which his argument relies are belied by substantial evidence suggesting that Davila's gross receipts were more than sufficient to pay for the properties.   In any event, multiple witnesses told the grand jury that Davila bought the properties with drug proceeds.   Davila did not adduce any contrary evidence besides his mathematical reckoning.   Certainly, the district court did not clearly err in concluding that the preponderance of the evidence showed that the properties were derived from drug proceeds.

We have considered Davila's remaining arguments, including his claim that forfeiture of 55 River Street violates the Excessive Fines Clause, and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2]  The presentence report ("PSR") provided much of the record upon which the forfeiture order was based. Davila stated that the facts described in the PSR were accurate, and the district court expressly incorporated the PSR into its findings of fact.