23-6654-cr (CON)
United States v. Mateo

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-five.

PRESENT:  DENNIS JACOBS,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                              Nos. 22-1133-cr
                                                        (L); 23-6654-cr
                                                        (CON)

DIEGO MATEO,

     *Defendant-Appellant*.*

------------------------------------------------------------------

---

* This appeal was consolidated with the appeals of Defendants-Appellants Paul Cuello, No. 22-1606, Ricardo Ricuarte, No. 22-3038, and Mark Woods, No. 23-6254. In separate orders, we denied the *Anders* motions filed by counsel for Cuello, Ricuarte, and Woods. Therefore, this appeal is hereby severed from the consolidated appeals of Cuello, Ricuarte, and Woods. Accordingly, the Clerk of Court is directed to amend the caption of No. 23-6654 as set forth above.

FOR DEFENDANT-APPELLANT:     SARAH KUNSTLER, Law Offices of Sarah Kunstler, Brooklyn, NY

FOR APPELLEE:     ADAM S. HOBSON, Assistant United States Attorney (Patrick R. Moroney, David J. Robles, Jacob R. Fiddelman, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Diego Mateo appeals from a June 23, 2023 amended judgment of the United States District Court for the Southern District of New York (Caproni, *J.*) entered after his guilty plea, pursuant to a plea agreement, to one count of conspiracy to distribute narcotics, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, and sentencing him principally to 27 years' imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Mateo maintains that the Government breached the plea agreement by seeking an above-Guidelines sentence. Although Mateo acknowledges that the plea agreement explicitly permitted the Government to do so, he argues that it was improper in his case because he "had no expectation that the government would do so." Appellant's Br. 26. We reject that argument. When a plea agreement "*expressly* [states] that either party [can] seek a sentence outside of the Stipulated Guidelines Range based upon the factors delineated in 18 U.S.C. § 3553(a)," the Government does not breach the agreement by availing itself of that right. *United States v. Sealed Defendant One*, 49 F.4th 690, 696 (2d Cir. 2022) (quotation marks omitted); *see United States v. Wilson*, 920 F.3d 155, 164–65 (2d Cir. 2019). Mateo claims that he "had no reason to expect" an above-Guidelines sentence "[b]ecause the government, at no point, signaled [its] intention" to seek one. Appellant's Br. 27. But his plea agreement "expressly disavow[s] the existence" of such a "purported implicit understanding" with the Government. *United States v. Lenoci*, 377 F.3d 246, 258 (2d Cir. 2004) (quotation marks omitted); *see* App'x 252. And there is no record evidence that the Government acted "in bad faith," "reverse[d]" a position that it took previously, or otherwise "upset[ Mateo's] reasonable reliance" on any stated position. *United States v. Habbas*, 527 F.3d 266, 271 (2d Cir. 2008). Under these circumstances, we agree with the

District Court that the Government did not breach the plea agreement in seeking an above-Guidelines sentence.

Mateo next contends that the District Court erred in denying his motion to withdraw his guilty plea. Mateo bears the burden of "show[ing] a fair and just reason for requesting the withdrawal," *United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009) (quotation marks omitted), and we review the denial of his request for abuse of discretion, s*ee United States v. Albarran*, 943 F.3d 106, 117 (2d Cir. 2019).

Mateo's motion to withdraw was initially premised on his claim that the Government had breached the parties' plea agreement by seeking an above-Guidelines sentence. But we have already concluded that the Government did not breach the agreement. Mateo was therefore not entitled to withdraw his guilty plea on that basis. For the first time on appeal, however, Mateo also argues that the District Court should have granted his motion to withdraw his guilty plea because only fourteen months had elapsed between the entry of his guilty plea and his motion, and the Government would not have been prejudiced by the withdrawal of his guilty plea at that time. *See United States v. Schmidt*, 373 F.3d 100, 102–03 (2d Cir. 2004). We are not persuaded, however, and we

4

conclude that the District Court acted within its discretion in denying the request to withdraw the plea. *See Carreto*, 583 F.3d at 157.

Finally, Mateo challenges his 27-year sentence as both procedurally and substantively unreasonable. We reject these challenges. As for procedural reasonableness, the District Court justified the sentence by pointing to, among other factors, Mateo's extensive history of violent criminal conduct, his high-level role in the Latin Kings, the aggravated nature of his crime, and the need for specific and general deterrence. We are "confiden[t] that the district court exercised its discretion" in imposing an above-Guidelines sentence "on the basis of reasons that survive our limited review." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008). And as for substantive reasonableness, the sentence imposed in this case is neither "shockingly high" nor "otherwise unsupportable as a matter of law," *United States v. DiMassa*, 117 F.4th 477, 482 (2d Cir. 2024) (quotation marks omitted), a threshold that is satisfied "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *United States v. Pattee*, 820 F.3d 496, 512 (2d Cir. 2016) (quotation marks omitted). "[T]he district court's detailed explanation of [Mateo's] above-Guidelines sentence places it within the range of permissible decisions." *DiMassa*, 117 F.4th at 482 (quotation marks omitted).

5

We have considered Mateo's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court