21-2453(L)
*United States v. Bright*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-three.

PRESENT:   JOSÉ A. CABRANES,
           REENA RAGGI,
           JOSEPH F. BIANCO,
                      *Circuit Judges.*

---

UNITED STATES OF AMERICA

          *Appellee,*          21-2453(L), 21-2611 (Con)

          v.

FRANK BRIGHT, AKA Frankie,

          *Defendant-Appellant,*

JOHN DUNCAN, AKA Balla, AKA Moreno

          *Defendant.**

---

**FOR DEFENDANT-APPELLANT:**      BRIAN A. JACOBS, Anthony C. Sampson, Morvillo Abramowitz Grand Iason & Anello PC, New York.

---

\* The Clerk of Court is directed to amend the caption as set forth above.

**FOR APPELLEE:**                                  JUSTIN V. RODRIGUEZ, Danielle R.
                                                                Sassoon, *Assistant United States Attorneys*, *for*
                                                                Damian Williams, United States Attorney
                                                                for the Southern District of New York,
                                                                New York, NY.

Appeal from the judgment of the United States District Court for the Southern District of New York (Katherine P. Failla, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court entered on October 5, 2021, is **AFFIRMED.**

In April 2019, Defendant-Appellant Frank Bright stood trial on charges of conspiracy to commit Hobbs Act robbery, Hobbs Act robbery, and murder through the use of a firearm. *See* 18 U.S.C. §§ 1951, 924(j). After a jury reported that it could not reach a verdict following Bright's trial on those counts and a mistrial was declared, the Government, on April 15, 2019, filed a letter stating its intent "to seek a superseding indictment in advance of" an April 19, 2019 hearing. A-52 (the "April 15 Letter"). The next day, the Government filed a second letter stating that "[a]fter further consideration, [it] no longer intend[ed] to seek . . . a superseding indictment." A-53 (the "April 16 Letter"). At the April 19 hearing, Bright pleaded guilty to a single count of conspiracy to commit Hobbs Act robbery. Bright now claims that at the time of his April 19 guilty plea, he was unaware "of the existence or contents of the April 16 Letter" because his then-counsel failed to provide him with it. Appellant Br. at 20.

On August 29, 2019, Bright appealed the District Court's judgment of conviction, sentencing him principally to 240 months' imprisonment to "be followed by a term of supervised release of three years, with the mandatory, standard, and special conditions of supervised release." A-168. Bright claims that at the time of his first appeal he was still unaware of the April 16 Letter. By order dated September 1, 2020, this Court remanded the case to the District Court for resentencing of the special conditions of supervised release based on the District Court's failure to impose them in open court. *See United States v. Bright*, No. 19-2748 (2d Cir. Sept. 1, 2020), Dkt. No. 64.

On March 10, 2021—before his resentencing—Bright, proceeding *pro se*,[1] moved to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(d)(2), arguing that former counsel was ineffective in failing to advise him of the Government's April 16 Letter and, had

---

[1] Although Bright filed his motion *pro se*, he was represented by his fourth attorney to be appointed under the Criminal Justice Act.

he known that the Government no longer intended to seek a superseding indictment, he would not have pleaded guilty.[2,3] On May 25, 2021, the District Court denied Bright's motion to withdraw his guilty plea and subsequently denied Bright's motion for reconsideration of that ruling. On September 22, 2021, the District Court resentenced Bright to all but one of the originally-imposed special conditions of supervised release in open court and on October 5, 2021, entered the amended judgment of conviction from which he now appeals.

On appeal, Bright argues, *inter alia*, that the District Court "abused its discretion" in denying Bright's Rule 11 motion to withdraw his guilty plea on the merits. Appellant Br. at 20.[4] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.

Federal Rule of Criminal Procedure 11(d) provides that "[a] defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "In general, to determine whether the defendant has shown a 'fair and just reason' to justify withdrawal, a district court considers, *inter alia*: (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has

---

[2] Bright does not indicate exactly when (or how) he discovered the April 16 Letter, only that, at the time of his Rule 11 motion, he had "recently bec[o]me aware of" it. Appellant Br. at 41.

[3] On remand, Bright moved in the alternative to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, which the District Court denied without prejudice because Bright "[wa]s not . . . under sentence of the Court." A-184. The District Court also denied a later motion by Bright to modify his sentence pursuant to § 3582 as untimely because he had "not yet been resentenced." A-227. Although the District Court's denial of Bright's § 3582 motion is part of the order Bright appeals from in Docket No. 21-2453, he does not challenge that aspect of the ruling on appeal. Indeed, he states that the District Court was "correct" in that ruling. Appellant Br. at 33 n.6.

[4] Bright also argues that the District Court "erred in concluding that the mandate from this Court" precluded it from reviewing Bright's Rule 11 motion. Appellant Br. at 19. Bright and the Government join issue on whether (1) Rule 11 permits a defendant to withdraw a guilty plea after a successful sentencing appeal but before resentencing and (2) a district court can, without violating the so-called "mandate rule," consider a defendant's motion to withdraw a guilty plea following an appeal that results in a limited remand to the district court. We need not address those issues because, assuming *arguendo* that (1) Bright could move to withdraw his guilty plea before his resentencing and (2) the mandate rule did not foreclose the District Court's consideration of Bright's motion, we conclude that the District Court did not "abuse its discretion" in denying Bright's Rule 11 motion on its merits.

elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Schmidt*, 373 F.3d 100, 102–03 (2d Cir. 2004). The district court may also consider "whether the defendant has raised a significant question about the voluntariness of the original plea." *Id.* at 103 (internal quotation marks, alteration, and citation omitted). "We review a district court's denial of a motion to withdraw a plea of guilty for abuse of discretion." *Id.* at 102.

Bright argues that he has shown the requisite "fair and just reason for requesting the withdrawal" of his guilty plea. He asserts that his plea was involuntary and the result of ineffective assistance of counsel because he was unaware of the April 16 Letter. Bright maintains that he "signed the Plea Agreement based upon fundamentally incomplete information" and that had he known the Government would not seek a superseding indictment, "he would not have agreed to the Plea Agreement." Appellant Br. at 14, 20.

The District Court denied Bright's motion on the grounds that, *inter alia*, it was "very, very untimely," having been made almost two years after his plea; that Bright "had multiple opportunities at earlier stages to make the very arguments that he makes now;" and that he "ascribe[d] undue importance to the Government's" April 16 Letter. A-197, 224. These determinations manifest no abuse of discretion.

As to Bright's alleged unawareness of the April 16 Letter—the root of his claim that his plea was not "voluntary"—Bright does *not* contest his awareness of the April 15 Letter and the Government's stated intent therein to seek a superseding indictment in advance of the April 19 hearing. Nor does Bright contest that the Government did not have a superseding indictment at the April 19 hearing. Thus, it was entirely reasonable for the District Court, which presided at the April 19 hearing, to conclude that Bright therefore "knew at the time he entered his guilty plea that the Government had not obtained a superseding indictment" and that the Government "would not[] obtain a superseding indictment." A-225.[5] On that basis, the District Court acted well within its

---

[5] Bright makes much of the District Court's statement that "[t]he record before the Court does not allow it to determine precisely when [] Bright learned of the Government's April 16 [L]etter." A-224. The District Court's decision was not based on when Bright discovered the actual letter, however, but rather on when Bright "knew, or should have known," the "relevant contents" of that letter. *Id.* at 225. The District Court reasonably concluded that Bright knew the relevant contents of the April 16 Letter—namely, that the Government would not be seeking a superseding indictment—at the time of his plea. We therefore disagree with Bright that it was an "abuse of discretion" for the District Court not to conduct an evidentiary hearing to determine exactly when Bright became aware of the April 16 Letter and its contents.

discretion in concluding that Bright failed to show a "fair and just reason" in March 2021 to withdraw a guilty plea entered almost two years earlier.[6]

## CONCLUSION

Having reviewed the remaining arguments raised by Bright on appeal and finding them to be without merit, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[6] To the extent that Bright appeals the District Court's denial of his ineffective assistance of counsel claim as distinct from the District Court's denial of his Rule 11 motion, we "decline to hear the claim, permitting [Bright] to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255." *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003).